UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JACQUELYN BURNETT, *et al*, | § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. 3:12-CV-310 |
| COLLEGE OF THE MAINLAND, *et al*, | § § § | |
| Defendants. | § | |

## ORDER DENYING MOTION FOR RECONSIDERATION

Plaintiffs seek reconsideration of the Court's Memorandum and Order dismissing the suit they brought against their former college, Defendant College of the Mainland (COM).[1] A COM Nursing Program Student Handbook allegedly guaranteed them the opportunity to retake a critical exam. They argue that COM's failure to abide by the terms of that handbook—in their view, a binding contract— was a violation of their procedural and substantive due process rights that the Court should have allowed to survive the Rule 12 stage.

Plaintiffs might be correct that COM's handbook created a binding contract. *See Univ. of Tex. Health Sci. Ctr. at Houston v. Babb*, 646 S.W.2d 502, 506 (Tex. App.—Houston [1st Dist.] 1982, no writ) (finding that school catalog was an express contract where it assured students that it would remain in effect through

---

[1] Because the Court dismissed their claims at the Rule 12 stage, the Court will treat Plaintiffs' Motion for New Trial as a motion for reconsideration. *See* Docket Entry No. 23.

the students' completion of the program); *compare Tobias v. Univ. of Tex. at Arlington*, 824 S.W.2d 201, 211 (Tex. App.—Fort Worth 1991), *cert denied*, 506 U.S. 1049 (finding that school catalog was not binding contract because of catalog's disclaimer that its provisions did not "constitute a contract, express or implied").  And at the Rule 12 stage, the Court would have to accept such an allegation.  But Plaintiffs never asserted a breach of contract claim in either of the two complaints they were allowed to file.  Instead, they asserted two federal constitutional claims: one alleging a violation of procedural due process, the other alleging a violation of substantive due process.  The Court will thus address how the possible existence of a contract affects those two claims.

**I.    PROCEDURAL DUE PROCESS**

A contract with the state can give rise to a protected property interest that implicates procedural due process guarantees.  But that does not help Plaintiffs because the Court already assumed that Plaintiffs had a protected interest that gave rise to a procedural due process right to contest COM's decision to deny them a retake.  *See* Docket Entry No. 20 at 4 (following the position of courts that "have assumed, without deciding, that students have some protected interest in public higher education").  The Court rejected the procedural due process claim because COM's informal and formal grade appeal process amounted to more than sufficient process, and that is the case even if a contractual right required more procedural

protections than merely an interest in public higher education. Docket Entry No. 20 at 4–6 (explaining how the procedures Plaintiffs' received went far beyond constitutional threshold). The possible existence of a contract therefore does nothing to change the determination that adequate procedure was afforded.

## II.   SUBSTANTIVE DUE PROCESS

As to their substantive due process claim, another court has cogently explained why the existence of a contract does not affect that analysis:

> Most, if not all, state-created contract rights, while assuredly protected by procedural due process, are not protected by substantive due process. The substantive Due Process Clause is not concerned with the garden variety issues of common law contract. Its concerns are far narrower, but at the same time, far more important. Substantive due process "affords only those protections 'so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" It protects those interests, some yet to be enumerated, "implicit in the concept of ordered liberty" like personal choice in matters of marriage and the family. . . . Routine state-created contractual rights are not "deeply rooted in this Nation's history and tradition," and, although important, are not so vital that "neither liberty nor justice would exist if [they] were sacrificed."

*Thomas v. Gee*, 850 F. Supp. 665, 675 (S.D. Ohio 1994) (quoting *Charles v. Baesler*, 910 F.2d 1349, 1353 (6th Cir. 1990) (internal citations omitted)). None of the cases Plaintiffs rely upon lend support for the view that contractual rights created by a student handbook give rise to a substantive due process right protected by the Constitution. Rather, the cases examine the rights that school catalogs afford students in the context of breach-of-contract claims. *See, e.g.*, *Babb*, 646

S.W.2d at 506 (affirming existence of valid contract based on school catalog but not addressing procedural or substantive due process rights); *Sharick v. Se. Univ. of Health Sci., Inc.*, 780 So.2d 136, 138 (Fla. Dist. Ct. App. 2000) (allowing private college student to recover based on breach of implied-in-fact contract claim where college did not contest on appeal jury's finding that college's actions were arbitrary and capricious); *Marquez v. Univ. of Washington*, 648 P.2d 94, 97 (Wash. Ct. App. 1982) (affirming dismissal of plaintiff's breach of contract claim against law school based on pre-law handbook).

And again it is worth pointing out that the Court's decision assumed the existence of a substantive due process right. While the Court's decision cast doubt on a fundamental right to be free from arbitrary grading,[2] the Court's opinion assumed the existence of such a right but found that a reasoned decision for the change was apparent from the face of the complaint.

### III.   LEAVE TO AMEND

Plaintiffs seek leave to amend and file their third complaint in this case. Docket Entry No. 23 ¶ 1 ("Plaintiffs should be allowed to amend (to make their pleadings clearer) and develop the underlying facts to resolve the factual questions presented"). But such an amendment would be futile with respect to the federal

---

[2] Plaintiffs challenge the Court's characterization of their claim of one to be free from arbitrary grading, but even if more properly termed a right to be free from changes in grading policy, the Court maintains similar doubts. As noted above, the Court is assuming the existence of a right.

due process claims because the prior complaint makes clear that Plaintiffs received adequate procedures and COM has provided a reasoned explanation for the changed policy.

It would also be inappropriate to add a state law contract claim, over which no independent federal jurisdiction would exist, after the federal claims have been dismissed. Even if a state law claim has been part of the original allegations in this case, dismissal of the federal claims at this early stage would likely have compelled the Court to decline exercising supplemental jurisdiction over a remaining state claim. *See* 28 U.S.C. § 1367(c); *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." (quoting *Parker & Parsley Petroleum Co. v. Dresser Indus.,* 972 F.2d 580, 585 (5th Cir. 1992))); *see Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) (noting that when the federal claims are eliminated at an "early stage" of the litigation the district court has "a powerful reason to choose not to continue to exercise jurisdiction"). Accordingly, the Court will not grant leave to amend. Whether Plaintiffs can prevail on a contract claim against COM filed in state court is a question for another judge to decide.

## IV.   CONCLUSION

For the reasons discussed above, Plaintiffs' Motion for New Trial (Docket Entry No. 22), which the Court has treated as a motion for reconsideration, is **DENIED**.

**SIGNED** this 21st day of February, 2014.

_____
Gregg Costa
United States District Judge